SIMON SCHRANK, Respondent, *v.* ROCHESTER RAILWAY COMPANY, Appellant.

*Damages for personal injuries — evidence sufficient to justify a verdict*

Upon the trial of an action brought to recover damages for personal injuries evidence was given tending to show that the defendant, a street railway company, by the use of its snow plow in removing the snow from its tracks, had created an obstruction in the highway at the point where the injury occurred, which was more or less dangerous to passengers in the street, and that the injury in question was caused by such obstruction.

*Held*, that as the question, whether the obstruction so created constituted an actionable nuisance, and one the creation of which might have been avoided by the exercise of reasonable care, was treated by the court and by the parties as a question of fact for the determination of the jury, there was sufficient evidence to justify the verdict of the jury in favor of the plaintiff.

APPEAL by the defendant, the Rochester Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 17th day of May, 1894, upon the verdict of a jury rendered after a trial at the Monroe Circuit, and also from an order entered in said clerk's office on the 17th day of May, 1894, denying the defendant's motion for a new trial made upon the minutes.

*Theo. Bacon*, for the appellant.

*P. Chamberlain, Jr.*, for the respondent.

DWIGHT, P. J.:

The action was to recover damages for a bodily injury sustained by the plaintiff on or near the track of the defendant's electric street railway in the city of Rochester. This injury the plaintiff ascribes to negligence on the part of the defendant in two particulars: *First*,

in the operation of a snow plow on its track, by which that machine was brought into collision with the sleigh which the plaintiff was driving on the street; and, *second*, in the disposition of the snow removed from its tracks in such a manner as to obstruct the highway and render it unsafe for the passage of teams and vehicles.

The weight of the evidence was altogether against the theory of negligence on the part of the defendant in the first of the particulars mentioned.

The plaintiff was hauling coal with a single horse and a long box on bob sleds, to the Union brewery, on the east side of North Clinton street. He came out of Morrill street on to North Clinton street, about 100 feet south of the brewery, and turned to the north on the east side of the street, intending to cross the track a little further north. As he did so a snow plow of the defendant, propelled by an electric motor, came from the north. It was in plain sight of the plaintiff and needed no signal to give warning of its approach. It was under complete control of the operator, and was running slowly when it was met by the plaintiff's sleigh, as was shown by the fact that it was stopped while it and the sleigh were still alongside of each other. The plaintiff's horse was frightened by the appearance of the machine and became somewhat unmanageable. There was a bank of snow on the side of the street with a side sloping towards the track, most of which had been thrown up by the snow plow on previous occasions, and which had become solid and icy on the slope. There was a horse with a cutter attached tied in front of the store on the corner, and in his attempt to pass the snow plow the plaintiff was obliged to drive outside the cutter. In doing so, his sleigh, which was loaded with coal, went sideways down the slope of the bank, and was thrown either against the projecting wing of the snow plow, or against the rail of the track with such force as to break the runner of the hind bob, and to throw the plaintiff from his seat. His leg was caught by some part of the sleigh and he was dragged and sustained the serious injury which is the subject of this action.

The evidence from which this narrative is drawn affords, we think, no support for the allegation of negligence in the running of the snow plow at the time of the accident, and with that remark we leave this branch of the case.

The other branch of the case was presented in a different aspect. There was, unquestionably, evidence which tended to show that the defendant, by the use of its snow plow, in removing snow from its track from time to time previous to the date of the accident, had created an obstruction in the highway at the point where the accident occurred, which was more or less dangerous to passengers on the street, and that the casualty in question was caused by that obstruction. Indeed we think the evidence in support of the proposition stated may be said to have been substantially undisputed. The open question, if any, was whether the obstruction so created constituted an actionable nuisance — was it one the creation of which might, by the exercise of reasonable care, have been avoided — and this question was treated from first to last by court and by counsel as a question of fact for the jury. If there was involved in it any question of law for the court that question was not raised. There was no request to take the question from the jury, no exception to any instruction under which it was submitted to the jury, nor request for any other or further instruction on the subject. Undoubtedly there was evidence which must go to the tribunal, whichever it was, by which the question was to be decided, and, by common consent, that tribunal was the jury.

The motion for a new trial was made solely upon the ground that the verdict was without evidence or against the weight of evidence. But upon the question submitted by the court with the consent, as we have seen, of the defendant, it cannot, we think, be said that the evidence was insufficient to justify the verdict in favor of the plaintiff.

No other question is raised by this appeal, and the judgment must be affirmed.

LEWIS, HAIGHT and BRADLEY, JJ., concurred.

Judgment and order appealed from affirmed.